SAMUEL RICH, APPELLANT, *v.* P. P. PALMER, RESPONDENT.

TAX SALE—HOLDER OF TITLE-BOND TO DONATION CLAIM MAY REDEEM.—
A person holding title-bonds to lands which are held as a donation claim under the act of Congress of September 27, 1850, the title being in the United States, has such an estate as entitles him to redeem when the lands are sold for delinquent taxes.

IDEM—NOTICE OF INTENTION TO REDEEM.—Where land is sold for delinquent taxes and a redemption is sought, no notice of the intention to redeem is necessary. It is sufficient if the redemption makes the payments provided for in the statute within the prescribed time.

IDEM—PAYMENTS TO SHERIFF.—The sheriff, and not the holder of the tax-sale certificate, is the one to whom the redemption money must be paid.

APPEAL from Douglas County.

This is a suit in equity to set aside a deed made by the sheriff of Douglas county to the respondent, for land sold by the sheriff to the respondent for delinquent taxes.

The complaint alleges that the appellant, Rich, was the equitable owner of a large portion of the donation land claim of William Sloan; that on the eighteenth of July, 1874, the sheriff of Douglas county sold the premises for taxes to the respondent Palmer, for the sum of one hundred dollars; that the appellant, having given the respondent due notice of his intention so to do, redeemed the property on the twenty-ninth of September, 1875; that the respondent, on the eighteenth of July, 1876, wrongfully and fraudulently obtained from the sheriff a tax deed of said premises and caused the same to be recorded, and annexes a copy of the deed to the complaint; that said deed is fraudulent and void and a cloud upon his title, etc., and asks a decree that said deed is void and that it be canceled.

The answer denies that the appellant is the equitable owner of a large portion of said premises or that he has any interest, legal or equitable, in any part thereof except what might arise from certain bonds for deeds executed in his favor by William Sloan, August 4, 1852, embracing certain lots containing about one acre, or that he gave notice of his intention to redeem, or that he had a right to redeem the same, or that he did redeem the same, or that he wrongfully or fraudulently obtained a tax deed, but alleges that said deed was obtained lawfully and in accordance with the certificate of sale of said premises; denies that said deed is fraudulent or void, or a cloud upon any interest of appellant in or to said premises except what might be deemed to arise upon the lots above described, and asks that the bill be dismissed. The reply alleges that more than ten years before the tax the appellant had purchased the lots mentioned in the answer, and paid eight hundred dollars for the same; that he is now entitled to a deed in fee-simple for said estate.

The court, after hearing the evidence and argument of counsel on both sides, rendered a decree setting the deed aside as to the lots mentioned in the pleadings and against the respondent for costs and disbursements. From this decision appellant appeals to this court.

*L. F. Moshier and John Kelsay*, for appellant.

*W. R. Willis*, for respondent.

By the Court, BOISE, J.:

To establish his interest in the premises and show to the court that he had such an interest in the land as entitled him to redeem from the tax sale, the appellant offered in evidence eight title-bonds for certain lots in the town of Scottsburg, which bonds are sufficient in form to invest the appellant with an equitable estate in the lands described in them, provided the maker of them, William Sloan, had any estate to convey by them. The only question made by the respondent as to their sufficiency for that purpose is, that it appears that the title was in the United States; but it also appears that said Sloan was holding said land as a donation under the act of congress of September 27, 1850, known as the donation law, and such bonds have been held sufficient to convey a good equitable title. We think they are sufficient in this case to give to the appellant such an estate in the land as entitled him to redeem the same when sold for delinquent taxes.

The respondent claims that no sufficient notice was given to the sheriff by Rich of his intention to redeem. The notice which was served on the sheriff notified him that Rich would apply to him to redeem these premises on the fifteenth day of September, 1875; and it appears from the evidence that the redemption money was paid to the sheriff on the twenty-ninth day of September, 1875. It does not appear that there was any attempt to redeem on the fifteenth, the day named in the notice. This notice is not sufficient, and if notice to redeem was necessary, then there could have been no redemption under this notice. We will next consider the question as to whether it is necessary to give a formal notice in order to redeem in cases of sales for delinquent taxes, the same as in cases where redemption is sought after sales on executions issuing out of judgments of courts.

The statute, sec. 87, page 767, provides as follows: "Redemption of any land sold for state, county, school or mili-

tary taxes, may be made at any time within one year from the date of the certificate of sale by paying the purchase-money and twenty per centum thereon, and all taxes which the purchasers may have paid thereon, in current gold coin   *   *   *."

This statute gives the right to redeem, and requires the payment of the purchase-money and twenty per cent., and taxes which the purchaser has paid, and limits the time when this shall be done. If the redemptioner does all the statute requires he can have the benefit of it; and as the statute does not require any notice to be given none is necessary.

It is admitted that the money required by the statute was paid to the sheriff and within the time required, but it is claimed by the respondent that the sheriff was not the proper party to receive it; that it should have been paid to the purchaser, Mr. Palmer, and that therefore the payment is not effectual to redeem the land. Section 90, page 767 of the statute, provides that "After the expiration of two years from the date of such certificate" (of sale) "if no redemption shall have been made, the sheriff shall execute to the purchaser, his heirs or assigns, a deed of conveyance, reciting or stating a description of the property sold, the amount bid, the year in which the tax was levied; that the tax was levied; that the tax was unpaid at the time of the sale, and that no redemption has been made."

We think that the provision in the statute that the sheriff shall recite in the deed to the purchasers that no redemption has been made clearly indicates that it was the intention of the legislature that the sheriff should receive the redemption money; if not, how would he be officially informed of the redemption. Such, we think, is the proper construction of the statute.

There is but one other question presented in this case, and that is, should the sheriff's deed be set aside and canceled altogether, or only so far as the same affects the title of the appellant? It will be seen from what has already been said that Rich had done all that was required of him to redeem this land, and consequently, that the sheriff ought

not to have executed said deed to Palmer after such redemption had been made, and that his recital in said deed that no redemption had been made was false, and a fraud on the appellant, as it was necessary that the appellant, Rich, should redeem the whole premises to secure and save his own property. Such redemption operated for the benefit of other owners in the land, on whom Rich might call to contribute, in proportion to their interest in the land, their share of the redemption money. We think he has a right to have the entire deed canceled.

1. For the reason that having a right to bring this suit, in which others are interested with him, he can protect their interest in the property.

2. Because in the complaint in this suit, which has before been held good by this court (6 Oregon, 339), there is no definite description of the land owned by him.

I refer to that case as fully settling the question as to the right of the plaintiff to have this deed set aside as to the whole premises.

The decree of the court will be that the deed be entirely canceled and that the appellant recover costs.